**FILED**
OCT 07 2025
CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 25-256 |
| TORY BRYANT | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and Brendan T. Conway, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a three-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Possession with the intent to distribute a quantity of cocaine base and a quantity of fentanyl<br>On or about December 16, 2024 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) |
| Two | Carrying a firearm during and relation to a drug trafficking crime and possession of a firearm in furtherance of a drug trafficking crime<br>On or about December 16, 2024 | 18 U.S.C. § 924(c)(1)(A)(i) |
| Three | Possession of a firearm and ammunition by a convicted felon.<br>On or about December 16, 2024 | 18 U.S.C. § 922(g)(1) |

## II. ELEMENTS OF THE OFFENSES

**A.    As to Count One:**

In order for the crime of possession with the intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date set forth, the defendant possessed with the intent to distribute the controlled substance charged in the Indictment;

2. That the defendant did so knowingly and intentionally; and

3. That cocaine base and fentanyl are Schedule II controlled substances.

**B.    As to Count Two:**

In order for the crime of carrying a firearm during and in relation to a drug trafficking crime and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), to be established, the government must prove each of the following elements beyond a reasonable doubt:

1. That the defendant committed the crime of Possession with Intent to Distribute Fentanyl as charged in Count One of the Indictment; and

2. That the defendant either, knowingly carried a firearm during and in relation to the commission of Count One or that the defendant knowingly possessed a firearm in furtherance of Count One. "Carry" means that the defendant had the firearm on his person or under his control. "During and in relation to" means that the firearm must have had some purpose or effect with respect to Count One. The firearm must have at least facilitated or had the potential of facilitating the drug trafficking crime. Possession "in furtherance of" means for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of Count One.

**C.     As to Count Three:**

In order for the crime of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     The defendant knowingly possessed the firearm and/or ammunition described in Count Three of the Indictment;

2.     At the time of the charged act, the defendant had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one (1) year;

3.     At the time of the charged act, the defendant knew that he had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one (1) year; and

4.     The defendant's possession was in or affecting interstate or foreign commerce.

### III. PENALTIES

**A.     As to Couns One:  possession with the intent to distribute a controlled substance (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):**

1.     A term of imprisonment of not more than twenty (20) years.

2.     A fine not to exceed $1,000,000.

3.     A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1.     A term of imprisonment of not more than thirty (30) years.

2.     A fine not to exceed $2,000,000.

3

3. A term of supervised release of at least six (6) years.

**B.     As to Count Two: Carrying a firearm during and in relation to a drug trafficking crime and possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)(i)):**

1. A term of imprisonment of not less than five years and up to life, consecutive to any other term of imprisonment. For a second or subsequent violation of 18 U.S.C. § 924(c)(1)(A) that occurred after a prior conviction for a violation of that section became final, a term of imprisonment of not less than 25 years and up to life, consecutive to any other term of imprisonment.

2. A fine of up to $250,000.

3. A term of supervised release of up to five years.

**C.     As to Count Three: possession of a firearm and ammunition by a convicted felon (18 U.S.C. § 922(g)(1)):**

1. A term of imprisonment of not more than fifteen (15) years. However, if it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, that were committed on occasions different from one another, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

2. A fine of not more than $250,000.

3. A term of supervised release of three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies).

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Not applicable in this case.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney

*/s/ Brendan T. Conway*
BRENDAN T. CONWAY
Assistant United States Attorney
PA ID No. 78726
